UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES KEEHNLE,

    Plaintiff,

v.                                    CASE NO. 8:18-cv-2880-T-23CPT

CHARTER ELECTRICAL
EXPERTS, LLC, et al.,

    Defendants.
_____/

**ORDER**

In this FLSA action, James Keehnle sues (Doc. 1) Charter Electrical and the owner, Scott A. Akins, for failing to pay overtime.  Appearing *pro se*, Akins counterclaims (Doc. 11 at 5) and alleges that a Keehnle sued Akins "in retaliation & or harassment" to prevent repossession of a boat that Keenhle purchased from Akins.  Because Keehnle's FLSA action is allegedly "frivolous," Akins demands "ten thousand dollars plus court and attorney fees."  Moving to dismiss the counterclaim, Keehnle recites the "plausibility" standard for pleading and asserts unhelpfully that "the law does not recognize a cause of action for 'retaliation' or 'harassment' under these circumstances."  (Doc. 13 at ¶ 9)  No response to the motion appears.

Although his claim is unspecified, Akins apparently counterclaims malicious prosecution and abuse of process.  To state a claim for malicious prosecution, a plaintiff must allege facts showing that the defendant maliciously sued the plaintiff and that the suit terminated in the plaintiff's favor.  *Alamo Rent-A-Car, Inc. v. Mancusi*,

632 So.2d 1352, 1355 (Fla. 1994). Because Keehnle's FLSA action remains pending, Akins cannot state a claim for malicious prosecution. *Neil v. South Florida Auto Painters, Inc.*, 397 So.2d 1160, 1165 (Fla. 3d DCA 1981) ("[A] malicious prosecution action cannot be brought as a counterclaim . . . when the 'prosecution' said to be malicious is the pending action of the opposing party.")

To state a claim for abuse of process, a plaintiff must allege facts showing "(1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damages to the plaintiff as a result." *Valdes v. GAB Robins N. Am. Inc.*, 924 So.2d 862 (Fla. 3d DCA 2006). But the "mere filing of a complaint and having process served is not enough to show abuse of process." *Della–Donna v. Nova Univ., Inc.*, 512 So.2d 1051, 1055 (Fla. 4th DCA 1987). A plaintiff must show an abuse of process (such as extortion) after the process issues. *McMurray v. U–Haul Co.*, 425 So.2d 1208 (Fla. 4th DCA 1983). Because the plaintiff alleges no post-issuance abuse, the plaintiff fails to state an abuse of process claim. *Cazares v. Church of Scientology of Cal., Inc.*, 444 So.2d 442, 444 (Fla. 5th DCA 1983) ("[A]buse of process requires an act constituting the misuse of process after it issues. The maliciousness or lack of foundation of the asserted cause of action itself is actually irrelevant to the tort of abuse of process.")

The motion to dismiss (Doc. 13) is **GRANTED**, and the counterclaim (Doc. 11) is **DISMISSED** for failure to state a claim.

ORDERED in Tampa, Florida, on February 27, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE